UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 17-10965-RGS

| | |
|---|---|
| ANTHONY COUCHON, ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| FRANK COUSINS, ET AL,[1] ) | |
| Defendants ) | |
| ) | |

## **PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties to this action and their counsel are subject to the following Protective Order:

1. This Order is intended to cover, without limitation, all information contained in the personnel files of Defendants and/or Defendants' employees or agents. All material subject to this Order shall be so labeled when produced by Defendants.

2. If a party seeks to establish that documents or information contained in this document are not entitled to such status and protection for reasons which shall include the public interest, the party shall advise opposing counsel of the basis of the objection. If the parties cannot resolve the dispute within ten (10) days of such notification, the party seeking to establish confidentiality shall bring the matter to the Court for resolution and shall bear the burden of establishing that a protective order concerning the documents or information is appropriate. See Anderson v. Cryovac, 805 F.2d 1 (1st Cir. 1986).

3. Confidential documents are to be used by the parties only in connection with litigating this case, unless the confidentiality of the documents is successfully challenged at a later date.

1

4. Confidential material may only be disclosed as follows:

   a. to the Court, *in camera* or under seal;

   b. to attorneys of record, including their partners and associates and employees who are directly assisting the attorneys of record, and to involved insurance personnel, provided that such persons are informed of their obligations under this Order and agree to be bound by this Order;

   c. to experts, under these conditions: (1) the attorney of record shall first inform each expert that the disclosed material is confidential, is to be held in strict confidence, and is to be used solely to prepare and present evidence in the litigation, and that these restrictions are imposed by court order; (2) the expert shall agree in writing to be bound by this Order; and

   d. to parties, subject to the terms of paragraph (7);

   e. To investigators, agents, constables, sheriffs or others that counsel for any of the parties may utilize to discover the present address, state of knowledge of relevant facts to the litigation, and attendance of persons at trial and discovery proceedings in connection with the instant litigation.

5. Confidential material may not be otherwise disclosed without the prior written consent of the party producing same, unless confidentiality is successfully challenged at a later date.

6. Copies of confidential material may not be made except for an expert who requires a copy for review, file copies for counsel and insurance personnel, copies for use at depositions, in support of motions and for use at trial. To the extent copies are made as provided

---

[1] Michael Marks and Leonardo Jorge

2

in this paragraph, such copies shall themselves become confidential documents and shall be subject to all the terms of this Order as if they were a "first generation" document.

7.  Attorneys may discuss with their clients the substance of confidential documents, not including medical records and mental health treatment records, and provide them copies thereof, providing attorneys advise their clients that the information is subject to a protective order and may not be disclosed to anyone else. Medical records and mental health treatment records may not be discussed with or provided to clients.

8.  During his or her oral deposition, a deponent may be shown confidential documents or information so that the deponent can answer questions based on it. To the extent that the deposition transcript incorporates into it confidential material, Defendants shall identify any portion of the transcript incorporating such material which then shall itself become a confidential document and shall be subject to all the terms of this Order as if it were a "first-generation" document. Exhibits shall be considered "first-generation" documents and shall not be reproduced, except as herein provided. A deponent who is not a party to the litigation shall be furnished a copy of this Order before being examined upon, or asked to produce, potentially confidential documents.

9.  The use of the confidential documents at trial shall be determined by the trial court.

10. If another court or administrative agency subpoenas or orders production of material marked "confidential," the recipient of the subpoena or order shall promptly notify the other party of the pendency of the subpoena or order.

11. The provisions of this Order shall survive the termination of this action, except to the extent that confidential information becomes part of the public record at trial. Within ninety days of the termination of the action, all confidential documents marked shall be returned to the

producing party through its attorneys or destroyed by shredding with the written permission of the producing party.

      12.    Documents produced under this Order shall not be deemed to waive any applicable privileges.

      13.    This Order may be modified by this Court upon application by a party, with notice.

    /s/ Richard G. Stearns

Date: 7/28/2017